The Memorandum Decision and Order below is hereby signed.  The clerk shall additionally mail a copy to the United States Trustee.  Dated: July 7, 2008.



```
                  /s/ S. Martin Teel, Jr.
                  _____
                  S. Martin Teel, Jr.
                  United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANK ROBERT COOK, | ) | Case No. 08-00317 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | Not For Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
GRANTING FOR WAIVER OF CREDIT COUNSELING REQUIREMENT

On May 8, 2008, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code together with a certificate of exigent circumstances requesting a temporary waiver of the credit counseling requirement imposed by 11 U.S.C. § 109(h) (Docket Entry "D.E." No. 1).  The debtor requests a waiver because his real property was subject to a foreclosure sale scheduled for May 8, 2008, the petition date.  The instant petition was necessary to halt the foreclosure sale.  The debtor filed additional certification in support of his request for a waiver of the credit counseling requirement based on exigent circumstances (D.E. No. 25, filed June 4, 2008) as well as a certificate of credit counseling reflecting that he completed the requisite

credit counseling on May 8, 2008, the same day as his bankruptcy petition (D.E. No. 26).  As explained in more detail below, the court will grant the debtor's request for waiver.

Section 109(h) provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within five days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen-day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

The court concludes that the debtor has qualified for a temporary waiver of the credit counseling requirement.  He has

certified that he requested consumer counseling services from an approved agency prior to the filing of his petition but was unable to obtain the services in the give day period following the request.  The pending foreclosure sale of the debtor's home constitutes an exigent circumstance within the meaning of § 109(h)(3)(A)(I), and the court finds good cause to grant the waiver within the meaning of § 109(h)(3)(A)(iii).  Thus, the debtor has satisfied all three requirements of § 109(h)(3)(A) and is eligible for a temporary waiver of the pre-petition credit counseling requirement.  It is thus

ORDERED that the debtor's request for a temporary waiver of the pre-petition credit counseling requirement of 11 U.S.C. § 109(h) is GRANTED.

[Signed and dated above.]


Copies to:
Debtor; Debtor's Counsel